NEW JERSEY TURNPIKE EMPLOYEES' UNION, LOCAL 194 OF THE AMERICAN FEDERATION OF TECHNICAL ENGINEERS, AFL-CIO, PLAINTIFF, v. NEW JERSEY TURNPIKE AUTHORITY, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided December 2, 1971.

*Mr. Thomas L. Parsonnet,* for plaintiff (*Messrs. Parsonnet, Parsonnet & Duggan,* attorneys).

*Mr. Joseph R. Postizzi,* for defendant (*Mr. David W. Dowd,* attorney).

FURMAN, J. S. C. The legality of an agency shop in public employment is at issue in this declaratory judgment action. The agency shop proposed for defendant authority's employees by plaintiff union would require the monthly payment by nonmembers of the union of their respective fair share of the cost of collective negotiations, processing of grievances and other activities related to union representa-

tion, as a condition of employment. Initially the payments by nonmembers would be identical to the regular union dues and initiation fees, subject to reduction upon a determination that the pro rata cost was less.

The *New Jersey Constitution* (1947), Art. I, par. 19 provides:

Persons in private employment shall have the right to organize and bargain collectively. Persons in public employment shall have the right to organize, present to and make known to the State, or any of its political subdivisions or agencies, their grievances and proposals through representatives of their own choosing.

Collective negotiations through a majority representative were sanctioned for persons in public employment by *N. J. S. A.* 34:13A–1 *et seq.*, as amended by *L.* 1968, *c.* 303. The Supreme Court upheld the constitutionality of that statute in *Lullo v. International Ass'n of Fire Fighters,* 55 *N. J.* 409 (1970).

*Lullo* held further that the rule of good faith representation in processing a nonmember's grievance applied to a majority representative in public employment, as well as to a bargaining representative in private employment, under *Vaca v. Sipes,* 386 *U. S.* 171, 87 *S. Ct.* 903, 17 *L. Ed.* 2d 842 (1967), and *Donnelly v. United Fruit Co.,* 40 *N. J.* 61 (1963).

Whether an individual public employee retains the right to process his own grievance was mooted but undecided in *Lullo.* Defendant authority urges that this right is shielded constitutionally. Two specific provisions of *N. J. S. A.* 34:13A–5.3 warrant a construction that the Legislature intended to foreclose it:

Nothing herein shall be construed to prevent any official from meeting with an employee organization for the purpose of hearing the views and requests of its members in such unit so long as (a) the majority representative is informed of the meeting; (b) any changes or modifications in terms and conditions of employment are made only through negotiation with the majority representative; and (c) a minority organization shall not present or process grievances.

When no majority representative has been selected as the bargaining agent for the unit of which an individual employee is a part, he may present his own grievance either personally or through an appropriate representative or an organization of which he is a member and have such grievance adjusted.

An affidavit by its business manager makes clear that plaintiff union holds this view of the statute but, in addition, gratuitously offers:

\* \* \* where the grievance involved does not affect the rights of others to any substantial extent, the union is willing to pay for the cost of arbitration (other than the cost of counsel) at the request of any such individual [nonmember processing his own grievance] \* \* \*

To interpret the constitutional language in Art. 1, par. 19, to bar individual public employees from presenting proposals as to terms and conditions of employment whenever there is a majority representative, but to safeguard their right to present grievances under all circumstances would be to create a dichotomy between "grievances" and "proposals" which has no basis in constitutional history or otherwise.

Thus plaintiff union may fairly contend that it is the exclusive representative of all employees of the unit for collective negotiations and for the processing of grievances, and that nonmembers would be unjustly enriched by its representation, unless they paid their proportionate share of the cost.

Defendant authority resists this contention on additional grounds. *N. J. S. A.* 34:13A–5.3 protects the right of public employees not to join or to assist any employee organization. Arguably a payroll deduction to an employee organization would be assistance to it. The Labor Management Relations Act of 1947, § 1 *et seq.*, 61 *Stat.* 136, 29 *U. S. C. A.* § 141 *et seq.*, which served as a model for *L.* 1968, *c.* 303 (*Lullo, supra* 55 *N. J.* at 424), authorizes a union shop and, therefore, its practical equivalent, an agency shop (*N. L. R. B. v. General Motors Corp.*, 373 *U. S.* 734, 743, 83 *S. Ct.*

1453, 10 *L. Ed.* 2d 670 (1963)). *L.* 1968, *c.* 303, omits any reference to a union or agency shop and, according to defendant authority, must be construed to prohibit such forms of employee organization or, at the least, not to authorize them. *Lullo, supra* 55 *N. J.* at 424; *Martin v. American Potash & Chemical Corp.,* 33 *Del. Ch.* 234, 92 *A.* 2d 295 (Sup. Ct. 1952); 2 *Sutherland, Statutory Construction* (3d ed. 1943) § 5209 at 551.

Realistically there can be minimal doubt about the consequences of an agency shop. Defendant's employees, who are not now members of plaintiff union, would join it if faced with assessments identical to union dues and initiation fees, except, it may be, for a recalcitrant handful.

The court will not compel that result in view of the legislative declaration of the right of public employees to refrain from union activity, even assisting a union, and in the absence of legislative authorization for an agency shop in public employment.

Summary judgment declaring an agency shop invalid is granted on the cross-motion in favor of defendant authority.